OPINION
Defendants-appellants, Union Township, Ohio and the Union Township Board of Trustees, appeal the decision of the Clermont County Court of Common Pleas granting a preliminary injunction on behalf of plaintiffs-appellees, Fischer Development Company, M.I. Schottenstein Homes, Inc., Aspen Glen Development, L.P., New Jerusalem Baptist Church, and The Drees Company.
The contested injunction was issued based upon the trial court's finding that the Union Township Board of Trustees exceeded their statutory authority when amending the Union Township Zoning Resolution. A trial court's decision to grant or deny the requested injunction is a matter solely within that court's discretion. This court may not disturb the judgment of the trial court in the absence of a clear abuse of discretion. Danis ClarkoLandfill Co. v. Clark Cty. Solid Waste Mgt. Dist. (1995),73 Ohio St.3d 590, paragraph three of the syllabus.
The parties raise an issue regarding the proper test to apply when determining whether the Township is precluded by R.C. 519.02
from using its zoning powers to further the "general welfare." R.C. 519.02 provides that a Township may regulate zoning matters "[f]or the purpose of promoting the public health, safety, and morals[.]" By contrast, the Supreme Court of Ohio, in GoldbergCos., Inc. v. Richmond Hts. City Council (1998), 81 Ohio St.3d 207, has held that for purposes of constitutional analysis a municipality may, pursuant to its police powers, "enact zoning for the public welfare and safety." Id. at 514-515. This court noted the apparently incongruent nature of these two tests in MDJProperties, Inc. v. Union Township Bd. of Trustees (Mar. 27, 2000), Clermont App. No. CA99-02-013 and CA99-02-019, unreported, at 5-6, fn. 2.
The two standards are not inherently contradictory. TheGoldberg test is a general test for all types of municipalities, including townships, to determine whether their zoning regulations are constitutional. R.C. 519.02 provides the specific statutory
powers of townships. Even though a given township's zoning ordinance may otherwise pass muster under the general test of constitutionality, a township is a creation of statute, and the zoning ordinance may not exceed the bounds of statutory authority. The general test of constitutionality is obviously written to apply both to townships and to other municipalities not bound by R.C. 519.02. When determining whether a township's actions are properly authorized by statute, the specific statutory provision involved — in this case R.C. 519.02 — must be considered, not the general constitutionality test.
That said, the trial court's decision in this case clearly and in detail sets forth all applicable facts and law, and properly resolves these issues. We therefore adopt the decision of the trial court, attached as an appendix.
Judgment affirmed.
 _____________________ YOUNG, P.J.
WALSH and VALEN, JJ., concur.
 APPENDIX A